**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>Christian Almada-Barrios,<br><br>　　　　Defendant. | No. 05-0236M<br><br>**ORDER**<br><br>(**1st Request**) |

Upon motion of the defendant, and good cause appearing therefore,

IT IS HEREBY ORDERED granting defendant's Motion to Extend Time to Indict.

The Court finds that the ends of justice served by granting the extension outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). In making this finding the Court has considered the following:

1.　　　Counsel has only recently been appointed for the defendant.

2.　　　The government's policy which is well-known to the Court through proceedings in previous cases involving numerous defendants, provides a sentencing incentive to encourage early pleas of guilty in cases in which criminal charges similar to that brought against the defendant have been prosecuted.

3.　　　The savings in time by expediting the proceedings in appropriate cases serves the public interests by reducing the costs of detention, prosecution, and defense, as well as in bringing such charges to a prompt resolution.

4.　　　The avoidance of grand jury proceedings with the voluntary consent of

1  a defendant, when appropriate, reduces the number of proceedings required to bring a
2  criminal matter to a prompt resolution.

3      5.    An early decision by a defendant to reach a plea agreement with the
4  government often avoids the need to proceed in the matter before a grand jury.

5      6.    In order to allow the defendant's attorney an opportunity to investigate
6  possible defenses to a charge in a criminal complaint and to adequately and effectively
7  counsel the defendant regarding, among many others, the consequences of an indictment on
8  the issues of plea negotiations and sentencing, additional time is often reasonably needed for
9  the consent and agreement for the filing of an information beyond the thirty (30) day period
10  provided in the Speedy Trial Act.  If an information were not filed within that time period
11  or within a reasonable extension permitted by the Court, under the government's fast track
12  policy, the sentencing stipulation to a downward departure would be reduced and, thereby,
13  less attractive and beneficial to the defendant.

14      7.    In these kinds of immigration-related crimes, the alien-defendant usually
15  has no education beyond grammar school, if that; speaks little or no English, has no
16  understanding of the federal sentencing guidelines or plea negotiation process, nor does s/he
17  have any appreciation of the significant prison term for being in the United States illegally,
18  i.e. the guidelines start with a criminal offense level of 24 for a violation of 8 U.S.C. §
19  1326(a) as enhanced by (b)(2).  Many times, additional time beyond the thirty (30) day
20  period provided in the Speedy Trial Act is necessary for the alien-defendant to both trust the
21  newly-appointed lawyer who is paid by the same government that is prosecuting the
22  defendant and to accept the fact that, if convicted at trial, the defendant will be sentenced to
23  a significant term of imprisonment that may be twice as much time as that which results from
24  a fast track plea agreement.

25      The Court, therefore, concludes that in this case the needs of justice are best
26  served by granting an extension of time for the government to file an indictment and by
27  excluding a period of thirty (30) days under the Speedy Trial Act within which to file a
28  timely indictment.  In making this determination, the Court has particularly taken into

1 account that the failure to grant the defendant's motion would (1) "deny counsel for the
2 defendant . . . reasonable time for effective preparation, taking into account the exercise of
3 due diligence," 18 U.S.C. § 3161(h)(8)(B)(iv), and/or (2) "result in a miscarriage of justice."

4 THE COURT FURTHER FINDS that excludable time shall begin to run on
5 **September 15, 2005** for a period of 30 days; and,

6 IT IS ORDERED that the government shall have until **October 14, 2005** to
7 file a timely indictment.

8 DATED this 26th day of September, 2005.

Edward C. Voss
United States Magistrate Judge